GUO CAN LAN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 05–0137–AG.

United States Court of Appeals,
Second Circuit.

April 19, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney, Brian E. Pawluk, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Guo Can Lan, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and adjustment of status under the Chinese Student Protection Act ("CSPA"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence

standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ's adverse credibility determination is substantially supported by the record as a whole, as Lan was unable to testify consistently or provide adequate explanations for material discrepancies regarding essential elements of his claim of persecution, such as when his wife was first threatened by family planning officials, whether the officials wanted to both abort and sterilize her, and whether his daughter had already been born at the time of the initial threats. Although the IJ appears to have erred in concluding that Lan's amended statement contradicted his asylum application regarding whether his wife had actually been sterilized, because there are other, error-free bases that support the IJ's negative credibility determination, we do not order remand because we are able to "confidently predict" that the IJ would have reached the same conclusion even without the possible error. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006); *cf. Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

Lan does not address the IJ's denial of withholding of removal, CAT relief, or adjustment of status under the CSPA in his brief, so he has waived any challenge to those findings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Finally, Lan challenges the BIA's decision to streamline his case. Although this court has determined that the BIA's streamlining procedure does not, on its face, violate due process, *see Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004), we have yet to determine whether we have jurisdiction to review the BIA's decision to streamline a particular case. For the purposes of this proceeding, however, we can assume juris-

diction without deciding the issue because it is clear that the BIA appropriately summarily affirmed the decision of the IJ. *See generally Oliva v. U.S. Dep't of Justice,* 433 F.3d 229, 232 (2d Cir.2005) (exercising hypothetical jurisdiction where question raised an issue of statutory, not constitutional, jurisdiction). Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm without opinion, or "streamline" a case, if: (1) the result reached in the decision was correct or that any errors in the decision were immaterial or harmless; and either (2) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (3) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). The IJ's decision did not contain any material errors, and the issues on appeal to the BIA were squarely controlled by existing precedent and do not involve a novel set of facts. Thus, the case fits squarely within the criteria set forth in 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).